**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2762
_____


UNITED STATES OF AMERICA

v.

AMBROSE J. SAMPLE, II,

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(District Court No.:  2-18-cr-00031-001)
District Court Judge:  Honorable Joy Flowers Conti

_____

Submitted under Third Circuit L.A.R. 34.1(a)
on April 23, 2020

(Opinion filed: May 29, 2020)


Before:  PORTER, RENDELL and FISHER, <u>Circuit Judges</u>

**RENDELL**, <u>Circuit Judge</u>:

Appellant Ambrose J. Sample II ("Sample") was convicted of possessing ammunition as a convicted felon under 18 U.S.C. § 922(g)(1). Sample appeals his conviction, arguing that the Government did not present sufficient evidence to sustain his conviction because it failed to prove two elements: that the round of ammunition he possessed met the statutory definition of "ammunition," *see* **Appellant's Br. at 11-13, 15-20**, and that he knowingly possessed the round of ammunition**, *see* Appellant's Br. at 13-14, 21-32**. For the reasons discussed below, we will affirm the District Court's judgment.

## I.[1]

### A. Factual Background

In June 2017, Pittsburgh Police Officer Joseph Bucci responded to a 911 call in which Shalena Lewis reported that gunshots had been fired in her neighborhood. **A. 88, 93, 129.** When Bucci arrived, he first saw and spoke to Sample and a few other people on the street. **A. 129-31.** Sample denied hearing gunshots, but Bucci continued on to speak with others, including Lewis, the 911 caller, and her fiancé, Aaron Burton. **A. 129-**

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Because we write for the parties, who are familiar with the facts and the procedural posture to date, we only include what is necessary to explain our decision.

**32.** Lewis identified Sample as the individual who had fired the gunshots that led to her 911 call. **A. 132.**

Finding no shell casings or other evidence, Bucci eventually left the scene to address another call but gave Sample's description to Detective Joseph Lippert, who had just arrived. **A. 134.** Lippert also left the scene shortly thereafter but, while leaving, saw Sample walking down a nearby street. **A. 166-69.** Lippert stopped and spoke to Sample, **A. 169,** before Bucci returned and identified Sample as the alleged shooter. **A. 141.** Lewis then also identified him. **A. 142.** Sample was detained, **A. 141, 173-74,** and his hands were swabbed for a gunshot residue test, which came back positive. **A. 174-78.**

The officers obtained a search warrant for and searched Sample's residence. **A. 144-47; 179-80.** Officers recovered a round of .380-caliber ammunition that was located in plain view on the mantel above the fireplace in the living room of Sample's residence. **A. 147, 181.** The officers did not find a firearm or other ammunition in Sample's residence. **A. 181.**

### B. Sample's Indictment, Trial, and Conviction

The Government indicted and charged Sample with possession of ammunition by a convicted felon and with possession of a firearm by a convicted felon.[2] **A. 37-40.** Each count alleged that Sample's possession occurred after his convictions of four crimes

---

[2] Because Sample only appeals his felon in possession of ammunition conviction, we do not describe the facts that formed the basis for Sample's felon in possession of a firearm charge, on which he was acquitted.

punishable by imprisonment for more than one year. **A. 37-39.** Sample proceeded to a bench trial on both counts.

At trial, in addition to witness testimony from Bucci, Lippert, Lewis, Burton, and others, the Government presented expert testimony from Maurice Ferentino, a Special Agent for the of Bureau of Alcohol, Tobacco, Firearms and Explosives. **A. 199-202.** At trial, Sample did not object to Ferentino's qualification as an expert or to the admission of his testimony. *Id.* Ferentino testified that, based on his training, experience, and visual and physical inspection of the round of ammunition recovered from Sample's residence, the round was .380-caliber ammunition that would fit a .380-caliber firearm. **A. 205-08.** Ferentino testified that he had not tested the round's primer to determine whether the round was live. *Id.* After the Government presented its case, Sample testified in his own defense, stating among other things that he had never seen the ammunition and did not intend to possess it. **A. 240-41.**

After both parties rested, Sample moved for a judgment of acquittal on both counts, and the District Court reserved decision. **A. 210-14, 261-63.** The District Court found Sample guilty of possessing ammunition as a convicted felon. **A. 3-15.** Sample then moved again for a judgment of acquittal, which the District Court denied. **A. 19.** The Court sentenced Sample to a 55 months' imprisonment and a three-year term of supervised release. **A. 19-25.** Sample timely filed this appeal. **A. 1.**

## II.[3]

We review the District Court's factual findings for clear error. *See, e.g.*, *United States v. Helbling*, 209 F.3d 226, 237 (3d Cir. 2000). We review its legal determinations *de novo*. *See United States v. Ledesma-Cuesta*, 347 F.3d 527, 530 (3d Cir. 2003). We affirm a judgment of conviction if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Burnett*, 773 F.3d 122, 135 (3d Cir. 2014) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (emphasis in original). We "must view the evidence in the light most favorable to the . . . verdict and presume that the [finder of fact] properly evaluated credibility of the witnesses, found the facts, and drew rational inferences." *United States v. Marcavage*, 609 F.3d 264, 271 (3d Cir. 2010) (quoting *United States v. Wasserson*, 418 F.3d 225, 237 (3d Cir. 2005)) (alterations in original). Our review is "highly deferential." *United States v. Caraballo-Rodriguez*, 726 F.3d 418, 430 (3d Cir. 2013).

## III.

Sample appeals his conviction under 18 U.S.C. § 922(g)(1), arguing that the Government failed to present sufficient evidence to sustain the District Court's judgment of conviction. Section 922(g)(1) states that it is unlawful for any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one

---

[3] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

5

year . . . to . . . possess in or affecting commerce, any firearm or ammunition."  18 U.S.C. § 922(g)(1).  In order to sustain a conviction under 18 U.S.C. § 922(g)(1), the prosecution must prove beyond a reasonable doubt that: (1) the defendant was convicted of a felony, defined as a "a crime punishable by imprisonment for a term exceeding one year," *id.*; (2) the defendant, after being convicted, knowingly possessed ammunition, defined as "ammunition or cartridge cases, primers, bullets, or propellent powder designed for use in any firearm," 18 U.S.C. § 921(a)(17)(A); (3) the defendant's possession was in or affecting interstate commerce; and (4) the defendant knew of his or her felon status at the time he or she possessed the ammunition.  *See Rehaif v. United States*, 139 S. Ct. 2191, 2195-96, 2200 (2019).[4]

### A.  Whether the round met the statutory definition of ammunition

Sample first argues that the Government presented insufficient evidence to prove that the round of ammunition that was recovered from his home met the statutory definition of "ammunition" under 18 U.S.C. § 921(a)(17)(A).  The District Court found that Ferentino's expert testimony on this point sufficed to prove that the .380-caliber round that officers recovered from Sample's mantel was "ammunition" under 18 U.S.C. § 921(a)(17)(A).  **A. 11-12.**  Sample urges, however, that Ferentino's testimony did not support the District Court's finding because Ferentino did not attempt to load it into a weapon.

---

[4] Sample stipulated that he was a convicted felon**, A. 9, 218,** and does not argue he did not know of his felon status.  *See Rehaif*, 139 S. Ct. at 2200.  Similarly, Sample does not contest on appeal that the round of ammunition had traveled in interstate commerce.

Sample's argument fails.  Viewing Ferentino's testimony in the light most favorable to the prosecution, it is clear that there was enough evidence before the District Court for a "rational trier of fact" to find as the District Court did.  *Burnett*, 773 F.3d at 135.  Ferentino testified that the round recovered by officers on Sample's mantel was a round of .380-caliber ammunition designed for use in a .380-caliber handgun.  His testimony was based on his examination of the round and his years of training and experience.  Ferentino's testimony sufficed to support the District Court's judgment of conviction on this element, which requires evidence that the ammunition be "designed for use in any firearm," 18 U.S.C. § 921(a)(17)(A).[5]  We will therefore affirm the District Court's ruling on this issue.

## B.  Whether Sample possessed the round

Sample next argues that the Government presented insufficient evidence to prove that Sample knowingly possessed the round of ammunition.  The District Court found that Sample constructively possessed the ammunition because it "was found in plain view on the mantelpiece in his living room," App. 12, and because he was the only occupant of the home, *id.*  Sample argues that the Government did not prove that he constructively

---

[5] As part of this challenge, Sample argues that because Ferentino "failed to apply even a scintilla of a scientific principle or method when formulating his expert opinion," Appellant's Br. at 19, his testimony fails the standard for expert testimony under Federal Rule of Evidence 702 and therefore was not sufficient evidence to support the District Court's finding.  Importantly, though, Sample does not argue on appeal that the testimony was inadmissible, and his citation to Rule 702 in relation to his sufficiency argument does not change our conclusion that a "rational trier of fact," *Burnett*, 773 F.3d at 135, could have relied on Ferentino's testimony to find, as the District Court did, that the round was "ammunition" under 18 U.S.C. § 921(a)(17)(A).

7

possessed the round and failed to rebut Sample's testimony that he did not know about the round.

"Constructive possession" exists if an "individual knowingly has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons. Constructive possession necessarily requires both dominion and control over an object and knowledge of that object's existence." *United States v. Walker*, 657 F.3d 160, 172 (3d Cir. 2011) (quoting *United States v. Cunningham*, 517 F.3d 175, 178 (3d Cir. 2008)). Sufficient circumstantial evidence supports the District Court's "constructive possession" finding in Sample's case. *See, e.g.*, *United States v. Foster*, 891 F.3d 93, 111 (3d Cir. 2018) (holding that constructive possession of a firearm may be proven through circumstantial evidence). As the District Court noted, Sample was the only person who lived at the home where the round of ammunition was found; Sample himself testified that he was the only person "allowed" to live in his home, App. 242; the police found no evidence of other people living in the home; and the round of ammunition was in plain sight on Sample's mantel. This evidence was enough to sustain a finding that Sample exercised "both dominion and control over" the round of ammunition and a rational fact finder could find that its position in plain view indicates that Sample had "knowledge of [its] existence." *Walker*, 657 F.3d at 172. Therefore, especially in light of our "highly deferential" standard of review, *Caraballo-Rodriguez*, 726 F.3d at 430, we will affirm the District Court's finding that Sample was in possession of the round of ammunition that was recovered from his mantel.

## IV.

We will affirm the District Court's judgment of conviction.